UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCIA BIRCHFIELD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-01575-SRC |
| COMPASS HEALTH NETWORK et al., | ) |
| Defendants. | ) |

### Memorandum and Order

Lucia Birchfield moves for leave to proceed in the district court without prepaying fees or costs. Doc. 2. Having reviewed the application and supporting financial information, the Court finds that Birchfield is unable to pay the costs associated with this action. The Court therefore grants the motion and waives the filing fee. Additionally, for the reasons discussed below, the Court will issue process against Compass Health Network. The Court dismisses the claims against the remaining defendants and denies Birchfield's Motion for Appointment of Counsel. Doc. 3.

**I.     Background**

Birchfield, a woman of Nigerian origin, brings this action against Compass Health, Quincey McCoy, Scott Bayliff, Rick Meyer, India Boyd-Monroe, Cynthia Elliot, and Lindsey Liverenton for alleged employment discrimination based on race, color, gender, and national origin. Doc. 1 at 1–3.[1] Birchfield asserts claims under the Fair Labor Standards Act of 1938 and Title VII of the Civil Rights Act of 1964. *Id*. at 3.

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Birchfield alleges the following. Birchfield worked for Compass Health from November 2018 until her termination on April 12, 2023. *See id.* at 8; doc. 1-14 at 1. During her employment, her supervisor, Meyer, engaged in discriminatory and harassing behavior. Doc. 1 at 5-8. After Meyer engaged in that behavior, Birchfield's supervisors denied her request to transfer to a different team despite having granted a similar request from another employee who had expressed an unwillingness to work with Meyer. *Id*. at 5. Additionally, Meyer mischaracterized Birchfield's job performance, withheld bonuses, and falsified her timecards. *Id*. at 8.

At some point during Birchfield's employment, Meyer issued her a letter falsely claiming to have had a pre-disciplinary meeting with her. *Id*. at 5. The meeting did not take place because, at the time that the alleged meeting took place, Birchfield was on leave. *Id*. Birchfield reported this to Bayliff, the Assistant Executive Director for Compass Health, who responded by "develop[ing] a policy" to justify the written warning and then "stat[ing] that a written warning was warranted." *Id*. Birchfield then approached the Executive Director, McCoy, with evidence that she had not met with Meyer as claimed. *Id*. Compass Health eventually rescinded the warning, but by the time it had done that, Birchfield had already suffered lost wages because of Meyer's conduct. *Id*.

Birchfield also alleges that Boyd-Monroe disseminated false information about her interaction with a client. *Id*. at 7; doc. 1-12 at 2. She claims that another person treated her unfairly because of her Nigerian origin. Doc. 1 at 7. Birchfield concludes that McCoy terminated her based on her skin color and national origin in retaliation for her inquiries about workplace discrimination. *Id*.

Finally, Birchfield alleges a few issues related to her compensation. She claims that Meyer withheld her bonuses and manipulated her timecard. *Id.* at 8. And she alleges that the company made it easier for some employees (apparently, those with more experience) to earn bonuses than for other employees. Doc. 1-12 at 3. As a result, some employees "were earning a possible higher wage than others." *Id.* Birchfield claims that McCoy terminated her employment, in part, because Birchfield reported these issues to the company. *See id.* at 4. Birchfield seeks relief in the form of back pay, compensatory damages, and punitive damages. Doc. 1 at 10. Additionally, she requests injunctive relief requiring the defendants to implement policies and practices to prevent discrimination and harassment in the workplace. *Id*. Finally, Birchfield seeks to recover the attorney's fees and costs incurred in this litigation. *Id*.

**II.      Standard**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial

3

experience and common sense." *Id.* at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented person's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III.     Discussion

Birchfield asserts claims under both Title VII and the FLSA. The Court addresses each in turn.

#### A.     Title VII

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

4

sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). It also makes it unlawful for an employer "to limit, segregate, or classify his employees or applicants for employment in any way [that] would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(2). In sum, Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City*, 882 F.3d 757, 758 (8th Cir. 2018) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013)). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The Eighth Circuit has held that Title VII does not impose liability on individual employees. *See, e.g., Bales v. Wal-Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998); *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam).

To establish a Title VII discrimination claim, a plaintiff must show either direct evidence of discrimination or evidence sufficient to create an inference of discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). But "'[i]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case' under *McDonnell Douglas*." *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Thus, "'the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise

5

under *McDonnell Douglas*,' which in turn 'reduces the facts needed to be *pleaded* under *Iqbal*.'" *Id.* (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 309, 310 (2d Cir. 2015)).

Additionally, "[a]s a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission . . . ." *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543 (2019) (citation omitted). Here, Birchfield filed a charge of discrimination with the EEOC in August 2023 and received a right-to-sue letter on August 22, 2024. *See* docs. 1-1, 1-2.

Birchfield asserts that she was denied a transfer, subjected to unwarranted discipline, paid less than similarly situated employees, and ultimately terminated after raising concerns about her supervisors' decisions. *See* doc. 1 at 5–8. She claims that these unfavorable actions stemmed from her supervisors' biases against her race, color, national origin, and gender. *See id.* These allegations support a reasonable inference that Compass Health discriminated against Birchfield. While the Court does not make any findings at this stage regarding the ultimate merit of Birchfield's claim, the complaint raises enough factual allegations to survive initial review under section 1915(e)(2). Accordingly, the Court will issue process against Compass Health on Birchfield's Title VII claim. Because Title VII does not impose liability on individual employees, the Court dismisses her Title VII claims against the remaining defendants. *See Bales,* 143 F.3d at 1111; *Bonomolo-Hagen*, 121 F.3d at 447.

### B.     The FLSA

The FLSA establishes minimum standards for wages, hours, and employment conditions to safeguard workers from unfair labor practices. *See* 29 U.S.C. §§ 201–219. It imposes minimum-wage requirements, guarantees overtime pay for eligible employees who work more than 40 hours in a workweek, and prohibits retaliation against employees who assert their rights

under the Act. *See id*. Most relevantly here, under the anti-retaliation provision, an employer may not:

> discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). Employers who violate the FLSA may be held liable for unpaid wages, liquidated damages, and attorneys' fees. *See* 29 U.S.C. § 216(b).

Birchfield argues that Defendants violated the FLSA's prohibition against retaliation. *See* doc. 1 at 3 (arguing that Defendants violated the FLSA because the FLSA "[p]rotects employees who report violations related to minimum[-]wage and overtime laws"); doc. 1-12 at 4. To state an FLSA-retaliation claim, a plaintiff must "allege sufficient facts to indicate" that she engaged in a statutorily protected activity. *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011).

Here, Birchfield has failed to allege that she participated in a statutorily protected activity. The FLSA enumerates four protected activities: (1) filing a complaint under the FLSA, (2) instituting a proceeding under the FLSA, (3) testifying in an FLSA proceeding, and (4) serving on an industry committee. *See* 29 U.S.C. § 215(a)(3). The complaint contains no colorable allegation that Birchfield engaged in the second, third, or fourth protected activities. *See generally* doc. 1. Thus, the Court analyzes whether Birchfield alleges that she "filed [a] complaint . . . under or related to [the FLSA]." 29 U.S.C. § 215(a)(3).

Birchfield fails to allege that she made any complaint that falls within the FLSA's protections. At most, she alleges that she complained that her employer manipulated her timecard, withheld her bonuses, and paid other employees more than it paid her. *See* doc. 1 at 8; doc. 1-12 at 3–4. But Birchfield fails to allege that any of her complaints (assuming, without

7

deciding that they amount to complaints) fall "under" the FLSA or "relate[] to" the FLSA. 29 U.S.C. § 215(a)(3); *see generally* doc. 1. Indeed, no provision of the FLSA requires an employer to pay bonuses or to pay all employees equally.

Although the FLSA prohibits an employer from paying a woman less than a similarly situated man (with certain statutorily specified exceptions), *see* 29 U.S.C. § 206(d), Birchfield fails to allege that her employer paid her less because of her sex, much less that she complained about such a violation, *see generally* doc. 1. And the allegation that Defendants manipulated Birchfield's timecard, though serious, doesn't, on its own, imply that Defendants violated the FLSA. Without an allegation that this manipulation caused Defendants to fall out of compliance with the FLSA's minimum-wage or maximum-hour provisions, or any other relevant provision, Birchfield's alleged complaint does not fall "under" the FLSA or "relate[] to" the FLSA. 29 U.S.C. § 215(a)(3).

That means that Birchfield fails to allege participation in a statutorily protected activity and, in turn, fails to state an FLSA retaliation claim. *See, e.g.*, *Stephens v. United States Env't Servs., LLC*, No. 4:22-CV-00181-BSM, 2022 WL 3018260, at *2 (E.D. Ark. July 29, 2022) (dismissing FLSA retaliation claim because the complaint failed to "sufficiently allege a connection between . . . statements to management and an FLSA violation"); *Panwar v. Access Therapies, Inc.*, 975 F. Supp. 2d 948, 961 (S.D. Ind. 2013) ("Because Mr. Panwar's original Complaint did not allege a violation of an FLSA protected right, his retaliation claim also fails as a matter of law."). Thus, the Court dismisses Birchfield's FLSA claims against all defendants for failure to state a claim.

**IV.     Motion for Appointment of Counsel**

Birchfield filed a Motion for Appointment of Counsel. Doc. 3. Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim and where the 'nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (first citing 28 U.S.C. § 1915(e); and then quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Birchfield has demonstrated up to this point that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

**V.      Conclusion**

Accordingly, the Court grants Birchfield's [2] Motion to Proceed in District Court Without Prepaying Fees or Costs and denies her [3] Motion for Appointment of Counsel. The Court directs the Clerk of Court to issue process against Compass Health Network on Birchfield's Title VII claim. The Court dismisses, without prejudice, Birchfield's remaining

9

claims, along with Defendants Quincey McCoy, Rick Meyer, Scott Bayliff, India Boyd-Monroe, Cynthia Elliot, and Lindsey Liverenton.

So ordered this 21st day of May 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE