UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LUCIA BIRCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-01575-SRC |
| | ) | |
| COMPASS HEALTH NETWORK et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum and Order</u>**

In May 2025, the Court directed the Clerk of Court to issue process against Compass

Health Network on one of Lucia Birchfield's claims, and the Court dismissed, without prejudice,

the remaining claims and defendants from the case.  Since then, Birchfield has, on three

occasions, asked the Court for leave to amend her complaint.  Because Birchfield doesn't need

the Court's leave to amend her complaint, the Court directs the Clerk of Court to file Birchfield's

proposed amended complaint as her first amended complaint.  The Court also denies Birchfield's

motions as moot.

**I.      Background**

In November 2024, Birchfield filed an employment-discrimination complaint against

Compass Health and several of its employees, and she moved for leave to proceed *in forma*

*pauperis*.  Docs. 1–2.  Birchfield listed two claims in her complaint:  (1) a claim under Title VII

of the Civil Rights Act of 1964 for wrongful termination on the basis of race, color, and national

origin, doc. 1 at 3–4 (The Court cites to page numbers as assigned by CM/ECF.); and (2) a claim

under the Fair Labor Standards Act for retaliation, *id.* at 3.

Six months later, the Court granted Birchfield's motion for leave to proceed *in forma pauperis* and waived the filing fee. Doc. 7 at 1. Accordingly, the Court performed an initial review of Birchfield's complaint under 28 U.S.C. § 1915. Doc. 7 at 3–8. On the basis of that review, the Court dismissed, without prejudice, for failure to state a claim, Birchfield's Title VII claims against the individual defendants and her FLSA claims against all the defendants. *Id.* That left standing Birchfield's Title VII claim against Compass Health, so the Court directed the Clerk of Court to issue process against Compass Health on that claim. *Id.* at 9–10.

One month after the Court issued that order, Birchfield filed a "Motion for Leave to File First Amended Complaint." Doc. 10 at 1 (emphasis omitted). In her motion, Birchfield said that she "[sought] to amend [her] complaint to include the FLSA claim; and to provide supporting documents under the . . . FLSA . . . ." *Id.* To her motion, Birchfield attached not a proposed amended complaint or any supporting documentation but rather a copy of the Court's section 1915 order and order of partial dismissal that dismissed some of Birchfield's claims. *See* doc. 10-1.

Three days later, Birchfield filed a collection of emails, bank statements, earnings statements, and screenshots of text messages. Doc. 11. She labeled this collection of documents "FLSA Pages 1–16." *Id.* at 1. The emails and text messages appear to show correspondences that Birchfield had with her supervisors about her pay, benefits, and timecard. *See id.* at 2–13.

Just a few days after that, Birchfield filed another "Motion for Leave to File First Amended Complaint." Doc. 12 at 1 (emphasis omitted). This time, Birchfield attached a copy of a proposed "Amended Complaint." Doc. 12-1 at 1 (emphasis omitted). This proposed amended complaint lists three defendants: (1) Compass Health Network, (2) "The Rolwes [sic] Law Firm LLC (Edward Rowles [sic])," and (3) "BJC Health Care." *Id.* And it lists six "Legal

2

Claims": (1) "Title VII: National origin, race, and color discrimination; retaliation," (2) "28 U.S.C. § 4101: Libel and defamation," (3) "18 U.S.C. § 1030: Computer Fraud and Abuse Act (CFAA)," (4) "18 U.S.C. § 1037: Email fraud and unauthorized access," (5) "18 U.S.C. § 371: Conspiracy," and (6) "Privacy rights violations." *Id.* at 3–4.

A little over a week later, Birchfield re-filed her motion for leave to amend. Doc. 14 at 2. Birchfield explained that she "originally submitted this motion via email," but she "since learned that email submission may not be accepted for pro se litigants unless specifically authorized by the Court." *Id.* at 1. Birchfield also stated that she "found copies" of another email exchange that she wanted to attach to her complaint. *Id.*

## II.     Standard

Federal Rule of Civil Procedure 15(a)(1) allows a party to "amend its pleading once as a matter of course." "[I]f the pleading is one to which a responsive pleading is required," the party may amend its complaint as a matter of course no later than "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

## III.    Discussion

Birchfield may amend her complaint as a matter of course. Service of a responsive pleading to Birchfield's complaint has not yet taken place. Neither has service of a motion under Rule 12. Thus, the Rule 15(a)(1) deadline for amending as a matter of course has not yet passed.

Birchfield filed three motions for leave to amend, she filed only two proposed amended complaints. *See* doc. 12-1, doc. 14-1. Thus, the Court directs the Clerk of Court to file Birchfield's most recent proposed amended complaint, doc. 14-1, and its attachments on the

3

docket as Birchfield's first amended complaint.  This moots Birchfield's motions for leave to amend her complaint.

Birchfield did not have leave to file her "FLSA Pages 1–16" document, doc. 11 at 1, and the document contains nothing that the Court could construe as a motion, *see id.* at 2–16.  The document also has no clear connection to Birchfield's proposed amended complaint, and the amended complaint does not reference the document anywhere.  *See* doc. 14-1.  Thus, the Court strikes the "FLSA Pages 1–16" filing.  Doc. 11.

Under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss the case at any time if the [C]ourt determines that" the complaint "fails to state a claim on which relief may be granted."  By separate order, the Court will review Birchfield's amended complaint under section 1915(e)(2).  If the Court determines that the amended complaint satisfies the standards of section 1915(e)(2), the Court will direct the Clerk of Court to serve the relevant defendants with Birchfield's first amended complaint.  In the meantime, the Court stays Compass Health's deadline to file a responsive pleading, *see* doc. 13, until the Court has finished its section 1915 review of the amended complaint.

## IV.    Conclusion

Accordingly, the Court orders the following.  The Court directs the Clerk of Court to file doc. 14-1 and its attachments on the docket as Birchfield's First Amended Complaint.  The Court denies as moot Birchfield's [10] Motion for Leave to File First Amended Complaint, [12] Motion for Leave to File First Amended Complaint, and [14] Motion for Leave to File First

Amended Complaint.  The Court also strikes Birchfield's [11] "FLSA Pages 1–16."  The Court

stays Compass Health's deadline to file a responsive pleading.

  So ordered this 8th day of July 2025.

              _SL R. Cl_

             STEPHEN R. CLARK
             CHIEF UNITED STATES DISTRICT JUDGE