UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCIA BIRCHFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-01575-SRC |
| COMPASS HEALTH NETWORK et al., | ) ) ) |
| Defendants. | ) |

**<u>Memorandum and Order</u>**

In May 2025, the Court directed the Clerk of Court to issue process against Compass Health Network on one of Lucia Birchfield's claims, and the Court dismissed, without prejudice, the remaining claims and defendants from the case. Birchfield then filed three motions for leave to amend her complaint. Because Birchfield did not need the Court's leave to amend her complaint, the Court denied the motions as moot and directed the Clerk of Court to file her proposed amended complaint as her first amended complaint. The Court, having already granted Birchfield's motion to proceed *in forma pauperis*, now reviews her amended complaint under 28 U.S.C. § 1915 and finds that it fails to state a claim upon which relief can be granted. But given Birchfield's self-represented status and the Court's prior finding that her original complaint alleged sufficient facts to support a Title VII claim against Compass Health, the Court gives her one final opportunity to amend her Title VII claims against Compass Health. The Court dismisses all other claims and defendants for failure to state a claim. The Court also addresses all currently pending motions in the case.

I.      Background

The Court previously granted Birchfield leave to proceed *in forma pauperis* and, after initial review, dismissed several of her claims while allowing her Title VII claim against Compass Health to proceed.  *See* doc. 7.  Birchfield then filed multiple motions and documents seeking to amend her complaint, culminating in the Court's directing the Clerk to file her proposed amended complaint as the operative pleading.  *See* doc. 15 at 4 (The Court cites to page numbers as assigned by CM/ECF.).

Because Birchfield is proceeding *in forma pauperis*, the Court reviews her amended complaint under 28 U.S.C. § 1915(e)(2).  Her amended complaint "supercedes [sic] [the] original complaint and renders the original complaint without legal effect."  *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

In her amended complaint, Birchfield again asserts her Title VII claim against Compass Health for allegedly discriminating against her based on her race, color, and national origin.  Doc. 16 at 1.  She says that Compass Health fired her because of those traits and because she supported a Black client who wanted to live independently.  *Id*.  She refers to four years of "victimizations and harassment" but offers no examples.  *Id*.  Although she disclosed her Nigerian origin in her original complaint, *see* doc. 1 at 7, she doesn't specifically identify her race, color, or national origin in the amended complaint, *see* doc. 16.

Birchfield also asserts a retaliation claim against Compass Health under Title VII.  *Id*. at 1–3.  She alleges that, after she supported her unidentified client, Compass Health terminated her, interfered with a Missouri Commission on Human Rights investigation, and purged emails relating to her Title VII claims.  *Id*. at 2.  She also references "victimizations and harassment that spanned over 4 years," but provides no additional factual detail.  *Id*. at 1–3.

2

Birchfield again claims that Compass Health retaliated against her in violation of the Fair Labor Standards Act of 1938.  *Id.* at 3.  She argues that, "after [her] termination," she inquired about unpaid wages and mileage reimbursement.  *Id.*  After that, she alleges, Richard Meyer, a Compass Health employee, manipulated her timecard, and Compass Health withheld wages and mileage reimbursement.  *Id*.  She states that Compass Health eventually made some of the required payments four months after her termination.  *Id.*

Birchfield adds BJC Health Care as a defendant in her amended complaint.  *Id.* at 1, 3.  Birchfield does not state what BJC stands for.  *See* doc. 16.  She alleges that she was "employed at BJC" but that BJC improperly suspended her "over the phone while off the clock without a formal advice from HR," deleted her emails, investigated her for alleged Medicaid fraud, and terminated her employment based on false allegations.  *Id.* at 3.  She links BJC's conduct to her issues with Compass Health by noting that two employees from BJC are connected to a Compass Health employee on LinkedIn.  *Id.*

Birchfield also adds The Rolwes Law Firm as a defendant.  *Id.* at 1–3.  She claims that Edward Rolwes accessed her Gmail account, forwarded her emails to himself, and caused those emails to disappear.  *Id.* at 2.  She states that she voluntarily met with Rolwes but "later realized there was foul play upon reflecting on the discussion and the dismissal thereafter."  *Id.*

At the bottom of her amended complaint, Birchfield lists six "[l]egal [c]laims":  (1) "Title VII: National origin, race, and color discrimination; retaliation;" (2) "28 U.S.C. § 4101:  Libel and defamation;" (3) "18 U.S.C. § 1030:  Computer Fraud and Abuse Act (CFAA);" (4) "18 U.S.C. § 1037:  Email fraud and unauthorized access;" (5) "18 U.S.C. § 371:  Conspiracy;" and (6) "Privacy rights violations."  *Id.* at 3–4.  But Birchfield does not specify which of these six claims she seeks to assert against which defendants, so the Court assumes that she seeks to assert

3

these six claims against all three defendants.  Birchfield also states, earlier in the complaint, that she asserts a claim for "Fair Labor Standards Act (FLSA) Retaliation," but the only defendant that she mentions for this claim is Compass Health.  *Id.* at 3 (emphasis removed).  Thus, the Court construes the amended complaint as attempting to assert an FLSA retaliation claim against Compass Health only.

After Birchfield amended her complaint, the parties filed additional motions.  First, Birchfield once again moves for leave to amend her complaint because she failed to include certain documents.  Doc. 17 at 1.  Second, Compass Health moves to dismiss Birchfield's complaint and, in the alternative, moves for a more definite statement.  Docs. 19–20.  Third, Birchfield asks the Court if she can "clarify the record, reassert her . . . FLSA . . . claim, and request that the Court incorporate and maintain her original complaint in whole."  Doc. 24 at 1.  The Court construes the third motion as another motion to amend the complaint.  *See id.*

## II.    Standard

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct."  *Id*. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*,

4

550 U.S. at 556). To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented person's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**III.   Discussion**

    **A.   Birchfield's claims**

Birchfield's amended complaint attempts to assert several claims against Compass Health, BJC, and the Rolwes Law Firm. The Court addresses each in turn.

5

### 1. Title VII

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). It also makes it unlawful for an employer "to limit, segregate, or classify his employees or applicants for employment in any way [that] would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(2). In sum, Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City*, 882 F.3d 757, 758 (8th Cir. 2018) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013)).

To establish a Title VII discrimination claim, a plaintiff must show either direct evidence of discrimination or evidence sufficient to create an inference of discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). But "'[i]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case' under *McDonnell Douglas*." *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Thus, "'the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas*,' which in turn 'reduces the facts needed to be *pleaded* under *Iqbal*.'" *Id*. (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 309–10 (2d Cir. 2015)).

6

Additionally, "[a]s a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission . . . ." *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543 (2019) (citation omitted). Here, Birchfield filed a charge of discrimination with the EEOC against Compass Health in August 2023 and received a right-to-sue letter in August 2024. *See* docs. 1-1, 1-2.

### a. Compass Health

In her original complaint, Birchfield disclosed her Nigerian origin and alleged that Compass Health denied her transfer request, subjected her to unwarranted discipline, paid her less than similarly situated employees, and ultimately fired her after she raised concerns about her supervisors' decisions. *See* doc. 1 at 5–8. She claimed that these actions stemmed from her supervisors' biases against her race, color, national origin, and gender. *See id*. The Court concluded that these allegations supported a reasonable inference that Compass Health discriminated against Birchfield in violation of Title VII, and the Court directed the Clerk of Court to issue process against Compass Health on her Title VII claim. *See d*oc. 7 at 9–10.

Birchfield omits these factual allegations from her amended complaint. *See* doc. 16. Instead, she references "a series of victimizations and harassment that spanned over 4 years due to race, national origin and for supporting a client achieving their goals in line with their Treatment Plan." Doc. 16 at 1–2. She states that her client wanted to live independently but was "racially profiled and forcefully institutionalized." *Id.* at 2. She does not identify her own race, color, or national origin. *See* doc. 16.

Although Birchfield's original complaint included sufficient factual allegations to support a Title VII claim against Compass Health, that does not mean that her amended complaint automatically satisfies the pleading standards. An amended complaint completely replaces the

7

original.  *In re Atlas Van Lines, Inc.*, 209 F.3d at 1067.  And liberal construction does not relieve Birchfield from her burden of alleging sufficient facts to support her claims.  *Stone*, 364 F.3d at 914–15.  Because Birchfield's amended complaint lacks the factual detail of the original, the amended complaint does not support a reasonable inference that Compass Health discriminated against her and therefore does not state a plausible Title VII discrimination claim against Compass Health.  *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Wilson*, 850 F.3d at 371 (affirming dismissal of a Title VII claim, for failure to state a claim, because the plaintiff failed to make "an allegation of disparate treatment").

Birchfield also asserts a separate Title VII retaliation claim against Compass Health.  Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  This prohibition may extend to otherwise lawful employment actions where the employee held a good-faith, objectively reasonable belief that the employer acted unlawfully.  *Blomker v. Jewell*, 831 F.3d 1051, 1059 (8th Cir. 2016) (citing *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 977 (8th Cir. 2012)).  To adequately plead a Title VII retaliation claim, a plaintiff must plausibly allege that her employer took an adverse action because she engaged in statutorily protected activity and that, but for her protected activity, the employer would not have taken the adverse action.  *Id*.

Here, Birchfield alleges that she supported a Black client's efforts to live independently and claims that Compass Health retaliated by firing her and interfering with an investigation by the Missouri Commission on Human Rights. Doc. 16 at 2. Birchfield's retaliation theory has a few problems. First, Birchfield fails to allege facts showing that "supporting a client in achieving their [sic] goals" amounts to a protected activity under Title VII. Doc. 16 at 1. Birchfield fails to connect this alleged support of a *client* to any "unlawful *employment* practice" or any "investigation, proceeding, or hearing under" Title VII. 42 U.S.C. § 2000e-3(a) (emphasis added). And although Birchfield alleges "interference with the Missouri State Department of Human Rights investigation" in an unspecified manner, doc. 16 at 2, she admits that this alleged interference took place *after* her termination, *id.* Thus, Birchfield fails to allege that her participation in any protected activity caused any adverse employment action. *See Blomker*, 831 F.3d at 1060 (affirming dismissal of Title VII-retaliation claim, for failure to state a claim, where the complaint showed "that [the plaintiff's] protected activity was *not* a but-for cause of the alleged adverse action"). Because her allegations fail to support a causal connection, Birchfield does not state a plausible retaliation claim against Compass Health under Title VII. *Blomker*, 831 F.3d at 1059.

### b. BJC Health Care

Birchfield also asserts Title VII claims against BJC for retaliation and discrimination based on race, color, and national origin. *See* doc. 16 at 3. She alleges that BJC harassed her, suspended her improperly, investigated her for alleged Medicaid fraud, and ultimately fired her. *Id.* Although she claims that these actions stemmed from Compass Health's discriminatory conduct, she doesn't allege that BJC acted against her because of her race, color, or national origin. *Id.* Nor does she allege that she engaged in any protected activity at BJC that might

9

support a Title VII retaliation claim. *Id.* Thus, even if Birchfield had clearly identified her race, color, or national origin, she does not connect BJC's conduct to any protected status or activity under Title VII. *Id.*

Additionally, Birchfield does not allege that she included her claims against BJC in her administrative charge. *See* doc. 16. To bring suit against BJC, Birchfield must first show that she filed a charge against BJC with the Equal Employment Opportunity Commission. *See Fort Bend Cnty.*, 587 U.S. at 543. And so, because Birchfield neither alleges that she filed an administrative charge against BJC nor provides a copy of one, she does not satisfy this statutory prerequisite. Thus, the Court dismisses Birchfield's Title VII claims against BJC under section 1915(e)(2)(B). *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (affirming a district court's decision to grant a motion to dismiss for failure to exhaust administrative remedies).

### c. Rolwes Law Firm

To the extent that Birchfield attempts to assert a Title VII claim against the Rolwes Law Firm, the amended complaint fails to state a claim for at least three reasons. First, Birchfield nowhere alleges that she was employed by the law firm at any relevant time. *See* doc. 16. Second, once again, Birchfield fails to allege a protected status or activity. *See id.* Third, once again, Birchfield has failed to allege that she exhausted her administrative remedies against the law firm. *See id.* Thus, the Court dismisses the Title VII claims against the Rolwes Law Firm under section 1915(e)(2)(B).

### 2. FLSA

The FLSA establishes minimum standards for wages, hours, and employment conditions to safeguard workers from unfair labor practices. *See* 29 U.S.C. §§ 201–219. It imposes

minimum-wage requirements, guarantees overtime pay for eligible employees who work more than 40 hours in a workweek, and prohibits retaliation against employees who assert their rights under the Act.  *See id*.  Most relevantly here, under the anti-retaliation provision, an employer may not:

> discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).  Employers who violate the FLSA may be held liable for unpaid wages, liquidated damages, and attorneys' fees.  *See* 29 U.S.C. § 216(b).

The FLSA enumerates four protected activities: (1) filing a complaint under the FLSA, (2) instituting a proceeding under the FLSA, (3) testifying in an FLSA proceeding, and (4) serving on an industry committee.  *See* 29 U.S.C. § 215(a)(3).  After screening her original FLSA claim, the Court concluded that Birchfield failed to allege that she participated in any of these statutorily protected activities.  *See d*oc. 7 at 7–8.  The Court explained that although Birchfield complained that her employer manipulated her timecard, withheld her bonuses, and paid other employees more than it paid her, she did not allege that her complaints (assuming, without deciding that they amounted to complaints) fell "under" the FLSA or "related to" the FLSA.  Doc. 7 at 7–8 (citing 29 U.S.C. § 215(a)(3)).

As before, the allegation that Compass Health manipulated Birchfield's timecard, though serious, doesn't, on its own, imply that Compass Health violated the FLSA.  Without an allegation that this manipulation caused Compass Health to fall out of compliance with the FLSA's minimum-wage or maximum-hour provisions, or any other relevant provision, Birchfield's alleged complaint does not fall "under" the FLSA or "relate[] to" the FLSA.  29

11

U.S.C. § 215(a)(3).  That means that Birchfield again fails to allege participation in a statutorily protected activity and, in turn, fails to state an FLSA retaliation against Compass Health.  *See, e.g.*, *Stephens v. United States Env't Servs., LLC*, No. 4:22-CV-00181-BSM, 2022 WL 3018260, at *2 (E.D. Ark. July 29, 2022) (dismissing FLSA retaliation claim because the complaint failed to "sufficiently allege a connection between . . . statements to management and an FLSA violation"); *Panwar v. Access Therapies, Inc.*, 975 F. Supp. 2d 948, 961 (S.D. Ind. 2013) ("Because Mr. Panwar's original Complaint did not allege a violation of an FLSA protected right, his retaliation claim also fails as a matter of law.").

Birchfield's FLSA-retaliation argument suffers from another defect, too.  Birchfield argues that she "engaged in protected activity under the FLSA by inquiring about and following up on unpaid wages *after* termination."  Doc. 16 at 3 (emphasis added).  Thus, even if Birchfield *had* adequately alleged that she participated in a protected activity, she admits that Compass Health had already terminated her by the time she participated in it.  *See id.*  Axiomatically, then, Compass Health *couldn't* have terminated Birchfield "because" she participated in a protected activity.  29 U.S.C. § 215(a)(3).  In any event, Birchfield fails to allege an FLSA retaliation claim.  Thus, the Court dismisses Birchfield's FLSA claim against Compass Health for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

### 3. The Computer Fraud and Abuse Act

Birchfield asserts claims against all defendants under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, for allegedly accessing and deleting emails related to her Title VII charge.  *See* doc. 16 at 3–4.  The CFAA makes it unlawful for anyone to:

> knowingly and with intent to defraud, access[] a protected computer without authorization, or exceed[] authorized access, and by means of such conduct further[] the intended fraud and obtain[] anything of value, unless the object of the

>fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

18 U.S.C. § 1030(a)(4).  The statute defines "protected computer" to include any computer "used in or affecting interstate or foreign commerce or communication."  18 U.S.C. § 1030(e)(2)(B).  To bring a civil claim under the CFAA, the plaintiff must demonstrate that the CFAA violation caused a $5,000 loss to one or more persons, modified or impaired "the medical examination, diagnosis, treatment, or care of 1 or more individuals," caused physical injury to a person, caused a threat to public health or safety, or caused "damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security."  18 U.S.C. §§ 1030(g), 1030(c)(4)(A)(i).

Birchfield's allegations do not establish a plausible claim under the CFAA.  As to Compass Health and BJC, she alleges, at most, that company employees deleted, recalled, or scrambled emails, *see* doc. 16 at 4, but she does not allege that any personnel accessed a protected computer without authorization, *see* doc. 16.  Her allegations describe internal management of company email systems rather than unauthorized intrusions into computer networks.  *See id.*

As to The Rolwes Law Firm and Edward Rolwes, Birchfield alleges that Rolwes accessed her Gmail account and forwarded emails to himself.  Doc. 16 at 2.  While these allegations suggest access to her private account, Birchfield does not allege that Rolwes accessed her account (or any computer) without authorization.  *See* doc. 16.  Indeed, she states that she voluntarily met with Rolwes about her Title VII matter and that he collected relevant documents and emails.  *Id*. at 16.  She does not allege losses exceeding $5,000 against any defendant, or any of the other section 1030(c)(4)(A)(i) factors.

13

Without factual allegations supporting unauthorized access, fraudulent intent, or required statutory damages, Birchfield fails to state a plausible claim under the CFAA against any defendant. The Court therefore dismisses her CFAA claims under 28 U.S.C. § 1915(e)(2)(B).

### 4. Remaining claims

Birchfield also asserts claims under 18 U.S.C. § 371 (criminal conspiracy), 18 U.S.C. § 1037 (email fraud), and 28 U.S.C. § 4101 (defamation), and asserts privacy violations against all defendants. *See* doc. 16 at 3–4. These claims fail as a matter of law.

Sections 371 and 1037 are criminal statutes that create no private right of action. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 407–08 (8th Cir. 1999) (holding that criminal statutes do not create private rights of action absent evidence of congressional intent). Section 4101 defines terms related to foreign defamation judgments but does not establish a federal defamation claim. Birchfield also fails to allege any specific false statements or facts showing the publication of a false, defamatory statement, which is required to establish a defamation claim under Missouri law. *See State ex rel. BP Prods. N. Am. Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. 2005). Therefore, the Court dismisses these claims under 28 U.S.C. § 1915(e)(2)(B).

The Court finds that Birchfield's amended complaint fails to state a claim upon which relief can be granted. Doc. 16. The Court therefore dismisses Birchfield's amended complaint under 28 U.S.C. § 1915(e)(2)(B).

## B. Leave to amend

Given Birchfield's self-represented status, and the fact that the Court had previously found that Birchfield's original complaint adequately alleged Title VII claims against Compass Health, the Court grants Birchfield one final opportunity to amend only her Title VII

14

discrimination and retaliation claims against Compass Health.  The Court encourages Birchfield to use the St. Louis Federal Court Legal Advice Clinic for assistance in drafting her amended complaint.  Birchfield may contact the clinic at federalcourtlac@bamsl.org or (855) 978-7070.  Birchfield must file her second amended complaint no later than September 19, 2025.

The Court reminds Birchfield that an amended complaint "supercedes [sic] [the] original complaint without legal effect."  *Atlas Van Lines*, 209 F.3d at 1067.  The Court also orders Birchfield to comply with all applicable procedural rules, including Federal Rules of Civil Procedure 8 and 10, in the filing of her amended complaint.

**C.      Pending motions**

Two more of Birchfield's motions to amend the complaint remain pending.  Docs. 17, 24.  Now that the Court has given Birchfield leave to amend, *see supra* Section III.B, the Court denies Birchfield's motions as moot.

Compass Health moves to dismiss the case for lack of timely service.  *See* doc. 20 at 2–3.  But Birchfield, proceeding pro se and *in forma pauperis*, is entitled to have the "officers of the court . . . issue and serve all process."  28 U.S.C. § 1915(d); *see also Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) (per curiam) (holding, in a pro se *in forma pauperis* case, that "[t]he court staff were obligated to prepare the summons and provide it to the [United States Marshals Service], and the USMS was obligated to effect service").  Birchfield is not "responsible for the delay in service"—all of the delay between the filing of the complaint and service is attributable to two things:  (1) the time it took the Court to direct the Clerk of Court to effect service of process and (2) the time it took the Clerk of Court to effect service of process.  *Id.*  Under these circumstances, the Court cannot dismiss the case under Rule 4(m).  *See id.* ("[I]f the delay in service was the result of a delay by court staff or the USMS in fulfilling their

15

obligations, [plaintiff's] complaint should not have been dismissed under Rule 4(m).").  Thus, the Court denies Compass Health's motion to dismiss.  Doc. 19.

Alternatively, Compass Health moves for a more definite statement.  Doc. 20 at 5.  Having given Birchfield leave to amend her complaint again, the Court denies Compass Health's alternative motion, without prejudice, as moot.

**IV.    Conclusion**

Accordingly, the Court dismisses without prejudice all claims against BJC Health Care and The Rolwes Law Firm.  The Court also dismisses without prejudice all claims under the Fair Labor Standards Act, the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1037 and 371, defamation, privacy rights, and any other claims not expressly addressed above.  The Court gives Birchfield leave to file, no later than September 19, 2025 a second amended complaint.  The Court denies as moot Birchfield's [17] [24] motions for leave to amend.  The Court denies Compass Health's [19] motion to dismiss for failure to obtain timely service and denies as moot Compass Health's [19] alternative motion for a more definite statement.  A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 27th day of August 2025.

_SL R. CR_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE