UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LUCIA BIRCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-01575-SRC |
| | ) | |
| COMPASS HEALTH NETWORK et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum and Order</u>**

In August 2025, the Court reviewed Lucia Birchfield's Amended Complaint under 28

U.S.C. § 1915 and dismissed all claims and defendants, except her Title VII discrimination and

retaliation claims against Compass Health Network.  Doc. 29 at 14–16 (The Court cites to page

numbers as assigned by CM/ECF.).  Given Birchfield's self-represented status, the Court granted

her a final opportunity to amend her Title VII claims against Compass Health.  *Id*.  The

following month, Birchfield filed her Second Amended Complaint, doc. 31, a supplemental

factual narrative with several exhibits, docs. 31-1–31-7, and a separate "Final Petition for

Injunctive Relief and Protective Order," doc. 33.  Compass Health moves to dismiss the case

under Federal Rule of Civil Procedure 41(b) or, in the alternative, to dismiss Counts II and III of

the Second Amended Complaint under Rule 12(b)(6).  Doc. 35.  Because the Rule 12(b)(6)

standard largely mirrors the section 1915 screening standard, the Court addresses both together.

For the reasons set forth below, the Court grants in part Compass Health's motion to

dismiss.  The Court also denies Birchfield's motion for a preliminary injunction and motion for

leave to file a sur-reply.

## I.      Background

Birchfield filed this employment-discrimination action against Compass Health and several of its employees in November 2024.  Doc. 1.  In May 2025, the Court granted Birchfield leave to proceed *in forma pauperis*, dismissed her Title VII claims against the individual defendants and her Fair Labor Standards Act retaliation claim against all defendants, and directed the Clerk of Court to issue process against Compass Health on her Title VII discrimination claim.  Doc. 7 at 4–10.  Birchfield then filed motions for leave to amend, docs. 10, 11, 14, and in July 2025, the Court directed the Clerk to docket Birchfield's most recent proposed amended complaint as her first Amended Complaint, doc. 15 at 3–4.  In August 2025, the Court reviewed that amended complaint under section 1915 and concluded that it failed to state a claim.  Doc. 29 at 5–16.  The Court dismissed all claims against the newly named defendants (BJC Health Care and The Rolwes Law Firm), dismissed all non-Title VII claims against Compass Health, and gave Birchfield one final opportunity to amend her Title VII discrimination and retaliation claims against Compass Health by September 19, 2025.  *Id*. at 14–16.

Birchfield timely filed a Second Amended Complaint, doc. 31, on September 19, 2025, accompanied by a supplemental factual narrative, doc. 31-1.  The Second Amended Complaint names only Compass Health as a defendant and asserts three counts:  (1) Title VII discrimination based on race, color, national origin, and gender; (2) Title VII retaliation; and (3) FLSA retaliation.  Doc. 31 at 1–2.  One week later, Birchfield filed a "Supplemental Factual Allegations and Narrative," which largely duplicates and expands on the narrative she filed with the Second Amended Complaint.  Doc. 32.

2

On September 29, 2025, Birchfield filed a "Final Petition for Injunctive Relief and Protective Order," which the Court construes as a motion for a preliminary injunction under Federal Rule of Civil Procedure 65.  Doc. 33.  The same day, Birchfield filed a demand for a jury trial.  Doc. 34.  Compass Health then filed a motion to dismiss, doc. 35, a memorandum in support, doc. 36, and an answer, doc. 37.  Birchfield filed an opposition to the motion to dismiss, doc. 38, and Compass Health filed a reply, doc. 39.  Birchfield seeks leave to file a sur-reply, doc. 40, which Compass Health opposes, doc. 41.

## II.    Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).  In doing so, the Court must

3

"accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III. Discussion

### A. The operative pleading

Before reaching the merits, the Court first addresses Compass Health's argument that Birchfield's "Final Petition for Injunctive Relief and Protective Order," doc. 33, supersedes and replaces the Second Amended Complaint as the operative pleading. Doc. 36 at 1–2. Compass Health relies on the rule that an amended complaint completely replaces the original. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). That rule, however, governs amended complaints, not motions. *See id.* Birchfield's "Final Petition for Injunctive Relief and

4

Protective Order" invokes Rule 65 "to prevent irreparable harm and preserve the status quo." Doc. 33 at 1.  The document acknowledges that Birchfield has already "filed a complaint under Title VII alleging race, national origin, and gender discrimination, as well as retaliation." *Id.* The Court therefore liberally construes the pro se document, doc. 33, as a motion for a preliminary injunction and treats the Second Amended Complaint, doc. 31, as the operative pleading.  Because the Court rejects Compass Health's premise that Birchfield's "Final Petition for Injunctive Relief and Protective Order" constitutes a third and superseding amended complaint, the Court now turns to Compass Health's other arguments on the merits of Birchfield's claims.

### B.      The Second Amended Complaint

Because Birchfield proceeds *in forma pauperis*, the Court reviews the Second Amended Complaint under section 1915(e)(2).  The Court addresses each count in turn, taking up Compass Health's Rule 12(b)(6) arguments alongside section 1915 review.

### 1.      Title VII discrimination (Count I)

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  To establish a Title VII discrimination claim, a plaintiff must show either direct evidence of discrimination or evidence sufficient to create an inference of discrimination under the *McDonnell Douglas* burden-shifting framework. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  But "'[i]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case' under *McDonnell Douglas*."  *Wilson v. Ark. Dep't*

5

*of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Rather, "'the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas*,' which in turn 'reduces the facts needed to be pleaded under *Iqbal*.'" *Id.* (emphasis removed) (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 309–10 (2d Cir. 2015)).

In her original complaint, Birchfield disclosed her Nigerian origin and alleged that Compass Health denied her transfer request, subjected her to unwarranted discipline, paid her less than similarly situated employees, and ultimately fired her after she raised concerns about her supervisors' decisions. *See* doc. 1 at 5–8. The Court concluded that those allegations supported a reasonable inference that Compass Health discriminated against Birchfield in violation of Title VII and directed the Clerk of Court to issue process against Compass Health on her Title VII claim. *See* doc. 7 at 4–6, 9–10. When the Court reviewed Birchfield's Amended Complaint, however, the Court concluded that the complaint lacked those factual allegations and instead offered only vague references to "victimizations and harassment" without identifying Birchfield's own race, color, or national origin. Doc. 29 at 2, 7–8.

The Second Amended Complaint cures those defects. Birchfield alleges "harassments, discrimination[,] and unequal treatment based on race, color, national origin, [and] gender." Doc. 31 at ¶ 8. She identifies herself as "a Black woman of Nigerian origin." *Id.* at ¶ 3. She alleges that Compass Health denied her transfer request through an HR representative while granting a similar transfer request to "a white colleague," issued and later recalled a false disciplinary warning while she was on approved leave, paid her less than similarly qualified colleagues, denied her educational stipends and bonuses, and terminated her on April 12, 2023 under "the pretext of insubordination" after she advocated for a Black client. *Id.* at ¶¶ 9–12. The

6

supplemental narrative identifies the supervisors who allegedly engaged in discriminatory conduct, describes the recalled warning letter, and identifies a comparator, Mr. Mike Stacey, whom Compass Health allegedly declined to discipline for related conduct.  Doc. 31-1 at 1–3.

These allegations restore the factual core that the Court previously found sufficient to state a Title VII discrimination claim against Compass Health.  *See* doc. 7 at 4–6, 9–10.  As before, the Court does not make any findings at this stage regarding the ultimate merits of Birchfield's claim, but notes that Count I of the Second Amended Complaint raises enough factual allegations to survive initial review under section 1915(e)(2).

### 2.      Title VII retaliation (Count II)

Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  This prohibition may extend to otherwise lawful employment actions where the employee held a good-faith, objectively reasonable belief that the employer acted unlawfully.  *See Blomker v. Jewell*, 831 F.3d 1051, 1059 (8th Cir. 2016) (citing *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 977–78 (8th Cir. 2012)).  To adequately plead a Title VII retaliation claim, a plaintiff must plausibly allege that her employer took adverse action because she engaged in statutorily protected activity and that, but for her protected activity, the employer would not have taken the adverse action.  *See id.*

When the Court reviewed Birchfield's Amended Complaint, it concluded that her retaliation theory failed because she connected the alleged adverse action only to her support of a Black client's housing efforts, which she did not tie to any "unlawful employment practice" or

7

"investigation, proceeding, or hearing under" Title VII.  Doc. 29 at 9 (quoting 42 U.S.C. § 2000e-3(a)).  To the extent the Second Amended Complaint repeats that client-advocacy theory to support a retaliation claim, *see* doc. 31 at ¶ 12, that theory fails for the same reasons as before, *see* doc. 29 at 9.

Birchfield also alleges, however, that she "engaged in protected activity by reporting harassment, discrimination, and unethical conduct to HR and management."  Doc. 31 at ¶ 13. The supplemental narrative supplies the factual content for that allegation:  Birchfield states that she "reported to Compass Health Network HR of the repeated harassment, victimization[,] and terror suffered because of [her] nationality, race[,] and gender and pleaded to be transferred to another team," doc. 31-1 at 2, that an HR representative denied that request, and that Compass Health terminated Birchfield within four months, *id.* at 6.  Internal reports of harassment based on race, national origin, and sex constitute opposition activity within the meaning of section 2000e-3(a).  *See* 42 U.S.C. § 2000e-3(a) (protecting employees who have "opposed any practice made an unlawful employment practice by this subchapter").  Birchfield's allegation that Compass Health terminated her within four months of those reports supplies plausible support for causation at the pleading stage.  *See Wilson*, 850 F.3d at 372 (noting that, at the pleading stage, allegations need only give plausible support to the reduced prima facie requirements under *McDonnell Douglas*).

Compass Health argues that the Court should dismiss Count II because Birchfield fails to allege facts showing that her support of her client amounts to a protected activity.  Doc. 36 at 8– 9.  That argument tracks the Court's analysis of the first Amended Complaint, *see* doc. 29 at 8–9, but does not engage with the internal-reporting allegations in the Second Amended Complaint, *see* doc. 31 at ¶¶ 13–15; doc. 31-1 at 2, 6.  Taking those allegations as true and construing them

liberally, as the Court must at this stage, Count II states a plausible Title VII retaliation claim. The Court therefore denies Compass Health's motion to dismiss with respect to Count II.

### 3.    FLSA retaliation (Count III)

Count III reasserts Birchfield's FLSA retaliation claim against Compass Health.  Doc. 31 at 2.  The Court has already dismissed that claim twice.  Doc. 7 at 6–8; doc. 29 at 10–12.  The Court's August 2025 order granted Birchfield leave to amend "only her Title VII discrimination and retaliation claims against Compass Health."  Doc. 29 at 14–15.  Count III therefore exceeds the scope of the Court's leave.  *See id.*  Birchfield does not contest the point.  *See generally* doc. 31.  In her opposition, she "acknowledges that the Court did not grant leave to reassert claims under the Fair Labor Standards Act," and she characterizes the FLSA allegations as "provided for contextual purposes only and does not constitute a separate claim unless the Court permits such inclusion."  Doc. 38 at 1–2.  The Court does not permit such inclusion and therefore dismisses Count III.

### C.    Motion for preliminary injunction

Birchfield seeks a preliminary injunction prohibiting Compass Health from "[e]ngaging in any form of harassment or retaliation" against her, making "unauthorized contact" with her or her family, "[a]ccessing or manipulating" her personal or professional records, and "[i]nterfering with [her] ongoing legal proceedings or investigations."  Doc. 33 at 1–2.  As the movant, Birchfield "bears the burden of proving" that the *Dataphase* factors weigh in her favor.  *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019) (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).  Birchfield's motion does not address the *Dataphase* factors.  *See generally* doc. 33.  The motion instead describes alleged retaliation by a non-party employer (BJC Behavioral Health) and the post-termination email deletion that the Court already

addressed in dismissing Birchfield's prior claims.  *Id*. at 1–2; *see* doc. 29 at 12–14.  The motion identifies no concrete threat of irreparable harm tied to the surviving Title VII claims.  It also fails to address the balance of harms, likelihood of success on the merits, or the public interest. *See Mgmt. Registry, Inc.*, 920 F.3d at 1183.  Because Birchfield has not carried her burden under *Dataphase*, the Court denies her motion.  Doc. 33.

## IV.    Conclusion

Accordingly, the Court grants Compass Health's [35] motion to dismiss to the extent it seeks dismissal of the client-advocacy theory under Count II (and to the extent Birchfield pleads it under Count II), *see* doc. 31 at ¶ 12, that the Court previously dismissed, *see* doc. 29 at 9, and Count III of the Second Amended Complaint.  The Court denies the motion in all other respects. The Court denies Birchfield's [33] motion for a preliminary injunction and denies as moot Birchfield's [40] motion for leave to file a sur-reply.  Counts I and II of the Second Amended Complaint against Compass Health remain live, as provided by this Memorandum and Order. An order of partial dismissal accompanies this Memorandum and Order.

So ordered this 13th day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE